IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| LANDMARK, LLC | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. _____ |
| | § | |
| SENECA INSURANCE | § | |
| COMPANY, INC., VERICLAIM, INC., | § | |
| and NICHOLAS CARLSON | § | |

## DEFENDANT SENECA INSURANCE COMPANY, INC.'S
## NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Defendant Seneca Insurance Company ("Seneca") files this Notice of Removal pursuant to 28 U.S.C. 1446(a) and respectfully shows the Court the following:

## I.   FACTUAL BACKGROUND

1.      In this civil action, Plaintiff alleges that Defendants are liable under a commercial property insurance policy because Plaintiff made a claim under the policy and Defendants wrongfully denied Plaintiff's claim. Plaintiff's lawsuit asserts claims against an independent adjuster who is a Texas resident for the sole purpose of attempting to destroy diversity jurisdiction over this dispute.

2.      On February 2, 2016, Plaintiff Landmark, LLC ("Plaintiff") filed a lawsuit styled *Landmark, LLC v. Seneca Insurance Company, Inc., Vericlaim, Inc., and Nicholas Carlson* in the 17th Judicial District Court, Tarrant County, Texas.

3.      Seneca's registered agent received service of this suit on February 2, 2016.

1

4.      Seneca files this notice of removal within 30 days of receiving Plaintiff's pleading. See 28 U.S.C. §1446(b).  In addition, this Notice of Removal is being filed within one year of the commencement of this action.  *See id.*

5.      Pursuant to Local Rule 81.1, the following documents are being filed concurrently with this removal:  an Index of Matters Being Filed (Exhibit 1); a Civil Case Cover Sheet (Exhibit 2); a Supplemental Civil Case Cover Sheet (Exhibit 3); a copy of the Tarrant County District Clerk's file for this case (Exhibit 4), which includes true and correct copies of all executed process, pleadings and orders, and a copy of the docket sheet; and the Certificate of Interested Parties (Exhibit 5).

## II.      BASIS FOR REMOVAL

6.      Removal is proper based on diversity of citizenship under 28 U.S.C. §§1332(a), 1441(a), and 1446.

**A.      Plaintiff and Defendants Are Diverse.**

7.      According to Plaintiff's Original Petition, Plaintiff is a Texas citizen.

8.      Defendant Seneca is incorporated under the laws of the State of New York with its principal place of business in New York, New York.

9.      Defendant Vericlaim, Inc. ("Vericlaim"), not a proper party to this suit, is incorporated under the laws of the State of Delaware with its principal place of business in Memphis, Tennessee.

10.      Defendant Nicholas Carlson ("Carlson"), not a proper party to this suit, is a resident and citizen of the State of Texas. Seneca asserts that Plaintiff improperly joined Carlson in this action in an attempt to destroy diversity. Therefore, Mr. Carlson's Texas citizenship should be disregarded for the purposes of evaluating diversity in this matter.

**B.      Carlson Was Improperly Joined and Should Be Dismissed**

11.      This Court should rule that Carlson has been improperly joined solely to defeat diversity.  The Fifth Circuit has held that a party may establish improper joinder when it shows either (1) actual fraud in the pleading of jurisdictional facts, or (2) the plaintiff's inability to establish a state-law claim against the non-diverse defendant.  *Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004), cert. denied, 544 U.S. 992 (2005); *Griggs v. State Farm Lloyd's*, 181 F.3d 694, 699 (5th Cir. 1999).  Carlson is improperly joined because, under the Fifth Circuit's *Smallwood* standard, "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against [this] in-state defendant, individually."  385 F.3d at 573.

12.      The Court may conduct the *Smallwood* test using a Rule 12(b)(6) analysis of the Petition to determine whether Plaintiff states a claim under state law, or the Court may use a summary inquiry to identify discrete and undisputed facts that would preclude recovery.  *See id.*  The failure to specify a legal and factual basis for a claim against a non-diverse party constitutes a failure to state a claim and results in fraudulent joinder of that party.  *Waters v. State Farm Mut. Auto. Ins. Co.,* 158 F.R.D. 107, 109 (S.D. Tex. 1994).  Additionally, "merely *pleading* a valid state law claim . . . against the resident defendant does not mean that the joinder of the resident defendant is not fraudulent . . . ."  *Hornbuckle v. State Farm Lloyd's*, 385 F.3d 538, 542 (5th Cir. 2004).  In the context of joinder of non-diverse insurance adjusters, the courts have has required plaintiffs "to allege specific actionable conduct by the adjuster and to distinguish claims against the adjuster from generic, conclusory, statute-tracking claims against the insurer."  *See, e.g., Okenkpu v. Allstate Texas Lloyd's*, Civ. A. H-11-2376, 2012 WL 1038678 at *7 (S.D. Tex. Mar. 27, 2012).  Courts have also found joinder of a non-diverse adjuster improper when, as

here, "plaintiff did not allege any facts that would support a conclusion that plaintiff suffered any damage as a result of [the adjustor's] adjustment activities beyond or different from whatever damages plaintiff might have suffered by reason of [insurer's] alleged breach of its insurance contract." *Monclat Hospitality, LLC d/b/a Econolodge Inn & Suites v. Landmark American Insurance Company, et al.*, 4:15-cv-00632-A, 2015 WL 5920757, at *2 (N.D. Tex. Oct. 8, 2015).

13.  Here, Plaintiff fails to offer any specific facts in support of his claims against Carlson, an insurance adjuster, as distinct from Plaintiff's claims against Seneca, and therefore fails to state a viable state law claim against Carlson, individually. *See Monclat Hospitality*, 2015 WL 5920757, at *2; *Okenkpu*, 2012 WL 1038678 at *7. Plaintiff makes no factual allegations that apply specifically to Carlson with respect to the asserted causes of action beyond "Defendants Vericlaim and Carlson adjusted the claim on behalf of Defendant Seneca." *See* Plaintiff's Original Pet. at § V. Plaintiff does not even specify whether Carlson had any involvement in the underlying claim aside from being assigned as an adjustor. Rather, Plaintiff merely asserts conclusory allegations that "Defendants" breached the insurance contract, "Defendants" violated Texas Insurance Code Chapter 541, "Defendants" engaged in unfair settlement practices, "Defendants" failed to promptly pay Plaintiff's claim, "Defendants and its agents" Violated the Texas Deceptive Trade Practices Act through acts, omissions, and misrepresentations, and "Defendants" have acted in bad faith regarding the claim. *See* Plaintiff's Original Pet. §§ V - VI.

14.  Briefly summarizing statutory language and common law causes of action, as Plaintiff did here, is not the same as pleading actionable facts to which a cause of action should apply. "Merely lumping diverse and non-diverse defendants together in undifferentiated liability averments of a petition does not satisfy the requirement to state specific actionable conduct

against the non-diverse defendant." *Studer v. State Farm Lloyds*, 2014 WL 234352 (E.D. Tex.

Jan 21, 2014), at *4 (citing *Griggs v. State Farm Lloyds*, 181 F.3d 694, 699 (5th Cir. 1999)).

15.     "Mentioning defendants and then failing to state specific actionable conduct

against them does not suffice to state a claim against them."  *Bailey v. State Farm Lloyd*s, No.

CIV.A. H-00-3638, 2001 WL 34106907, at *6 (S.D. Tex. Apr. 12, 2001); *see also Columbia .*

*Mut. Ins. Co. v. Trewitt-Reed Funeral Home, Inc*., No. 4:15-cv-568-A, 2016 WL 524597 (N.D.

Tex. Feb. 5, 2016).

16.     Because Plaintiff's Original Petition fails to state any specific, actionable conduct

on Carlson's part, or even specify whether Carlson was anything other than the adjuster assigned

to the underlying claim, there is no reasonable basis for the Court to predict that Plaintiff might

be able to recover against Carlson, individually, as opposed to recovering on his contractual

claims against Seneca.  *Griggs*, 181 F.3d at 699-701; *Keen,* 875 F.Supp.2d at 686 (holding that,

because the plaintiff's claims against the adjuster were identical to his claims against the insurer,

the plaintiff failed to adequately state a claim against the adjustor); *Weldon Contractors, Ltd. v.*

*Fireman's Fund Ins. Co.*, 2009 WL 1437837, at *3-4 (N.D. Tex. 2009) (finding allegations that

listed Insurance Code provisions and asserted that "Defendants" violated such provisions "are

really legal conclusions couched as factual allegations"); *Lakewood Chiropractic Clinic*, 2009

WL 3602043, at *3 (S.D. Tex. 2009) (holding that "near verbatim recitations of portions of

Chapters 541 and 542 of the Texas Insurance Code" without "facts illustrating what actions are

attributable to [the adjuster] individually" does not provide a reasonable basis of recovery).

17.     Further, without asserting facts as to how Carlson, individually, committed an

actionable violation of the Texas Insurance Code, Plaintiff's claims cannot survive dismissal.

*See Twombly*, 550 U.S. at 555.   Generic allegations will not support an arguable basis of

individual liability against the individual Non-Insurer Defendants. *See Caballero v. State Farm Lloyds*, 2003 WL 23109217 (S.D. Tex. 2003) (Hudspeth, J.) (not designated for publication). Texas law is clear that to be liable for alleged Insurance Code violations, the adjuster, individually, must have committed the violation that caused the harm. *Frisby v. Lumberman's Mut. Cas. Co.*, 500 F.Supp.2d 697 (S.D. Tex. 2007). Here, the only factual allegations Plaintiff asserts are against "Defendants" collectively, and the alleged harm is denial or underpayment of the claim by Seneca.

18.     To plead a valid state law cause of action, Plaintiff's Petition must demonstrate a "factual fit" between the allegations and the pleaded theory of recovery." *See First Baptist Church of Mauriceville, Texas v. Guideone Mut. Ins. Co.*, 2008 WL 4533729 (E.D. Tex. 2008 (not designated for publication) (Hines, J.); *see also Terrell v. Ace European Group Ltd.*, No. 1:09-cv-506, slip op. at 12 (E.D. Tex. Feb. 24, 2010) (citing *Griggs v. State Farm Lloyd's*, 181 F.3d 694, 700 (5th Cir. 1999)). Plaintiff's Original Petition does not. Under the Texas notice pleading standard, a plaintiff has not alleged a reasonable basis for the court to predict that the plaintiff can recover against a party if the allegations against the party are too conclusory and too vague to demonstrate a plausible right to relief. *Mainali Corp. v. Covington Specialty Ins. Co.*, No. 3:15-CV-1087-D, slip op.at 6 (N.D. Tex. Aug. 31, 2015.). It is not the law in Texas that any time a portion of damages are found not to be covered under an insurance policy that a reasonable possibility of recovery against an adjuster individually exists because he theoretically could have possibly violated the Insurance Code. This, however, is precisely the pleaded claims against Carlson. As pleaded, these claims are not actionable against Carlson asserted only to attempt to defeat diversity jurisdiction, and should be dismissed.

19.     The claim at issue, no matter how Plaintiff couches it in the lawsuit, is whether Seneca owes Plaintiff any amount for a covered loss.  Plaintiff's claims are for economic losses against Seneca, which are contractual claims, not extra-contractual claims against an independent adjuster.   Therefore, Plaintiff's assertions against Carlson, the non-diverse defendant, fail to show any likelihood of recovery against Carlson.  The citizenship of the non-diverse defendant, Carlson, therefore, is disregarded and removal of this case is proper.

**C.      The Amount In Controversy Exceeds Jurisdictional Requirements**

20.     This is a civil action in which the amount in controversy exceeds $75,000.00. Plaintiff pleads that its damages are over $1,000,000.

**D.      Removal is Procedurally Correct**

21.     Seneca first received notice of Plaintiff's Original Petition on February 2, 2016, when Seneca was served. Seneca is filing this Notice within the 30 day time period required by 28 U.S.C. § 1446(b).

22.     Venue is proper in this District and Division under 28 U.S.C. §1446(a) because this District and Division include the county in which the state action has been pending and because a substantial part of the events giving rise to Plaintiff's claims allegedly occurred in this District and Division.

23.     Pursuant to 28 U.S.C. §1446(a), all pleadings, process, orders, and all other filings in the state court action are attached to this Notice.

24.     Pursuant to 28 U.S.C. §1446(d), promptly after Seneca files this Notice, written notice of the filing will be given to Plaintiff.

25.     Pursuant to 28 U.S.C. §1446(d), a true and correct copy of this Notice will be promptly filed with the Clerk of the Harris County District Court after Seneca files this Notice.

26.    Consent of an improperly joined defendant is not necessary for removal.

### III.        CONCLUSION

Based upon the foregoing, and other documents filed contemporaneously with this Notice of Removal and fully incorporated herein by reference, Defendant Seneca hereby removes this case to this Court for trial and determination.

Respectfully submitted,

THOMPSON, COE, COUSINS & IRONS, L.L.P

By: /s/ *James N. Isbell*
        James N. Isbell
        Attorney-in-Charge
        Bar No.  10431900
        jisbell@thompsoncoe.com
        Christopher H. Avery
        Bar No. 24069321
        cavery@thompsoncoe.com
One Riverway, Suite 1400
Houston, Texas 77056
Telephone:  (713) 403-8210
Facsimile:  (713) 403-8299

Of Counsel:
Travis M. Brown
State Bar No. 24061890
THOMPSON, COE, COUSINS & IRONS, L.L.P.
700 N. Pearl Street, 25th Floor
Dallas, Texas 75201
Telephone:  (214) 871-8200
Facsimile:  (214) 871-8209
Email:  tbrown@thompsoncoe.com

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that on March 1, 2016, a true and correct copy of the foregoing instrument was served pursuant to the Federal Rules of Civil Procedure on the following counsel of record:

Mr. David L. Chumbley
Law Offices Of David L. Chumbley, P.C.
400 Chisholm Place, Suite 101
Plano, Texas 75075

 /s/ *Christopher H. Avery*
Christopher H. Avery