

# Tarrant County District Clerk Online
## Thomas A. Wilder, District Clerk

Civil - Case and Transaction Information                                              **3/1/16 2:26 PM**

Cause Number:      017-283602-16                                                      Date Filed: 02-02-2016

LANDMARK, LLC               | VS |               SENECA INSURANCE COMPANY, INC., ET AL

Cause of Action:   OTHER CIVIL, OTHER
Case Status:       PENDING

| File Mark | Description | | | Assessed Fee | Credit/Paid Fee |
|---|---|---|---|---|---|
| 02-02-2016 | PLTF'S ORIG PET | N | I | 284.00 | |
| 02-02-2016 | COURT COST (PAID) trans #1 | Y | | | 284.00 |
| 02-02-2016 | CIVIL INFO SHEET | | I | | 0.00 |
| 02-02-2016 | CITATION | N | Svc | 8.00 | |
| 02-02-2016 | COURT COST (PAID) trans #4 | Y | | | 8.00 |
| 02-02-2016 | JURY FEE | N | | 40.00 | |
| 02-02-2016 | COURT COST (PAID) trans #6 | Y | | | 40.00 |
| 02-02-2016 | E-FILE TRANSACTION FEE | N | | 2.00 | |
| 02-02-2016 | COURT COST (PAID) trans #8 | Y | | | 2.00 |

**District Clerk's Office**

Tom Vandergriff Civil Courts Building

100 N. Calhoun St., 2nd Floor, Fort Worth, Texas 76196, Contact Us

Please send questions and comments regarding the District Clerk web site to District Clerk Webmaster

**EXHIBIT 4**

FILED
TARRANT COUNTY
2/2/2016 4:01:04 PM
THOMAS A. WILDER
DISTRICT CLERK

CAUSE NO. 017-283602-16 _____

| | | |
|---|---|---|
| **LANDMARK, LLC**<br>**Plaintiff,** | §<br>§<br>§ | **IN THE DISTRICT COURT OF** |
| v. | §<br>§ | **TARRANT COUNTY, TEXAS** |
| **SENECA INSURANCE**<br>**COMPANY, INC., VERICLAIM,**<br>**INC. AND NICHOLAS**<br>**CARLSON** | §<br>§<br>§<br>§ | |
| **Defendants.** | § | **\_\_\_\_JUDICIAL DISTRICT** |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff LANDMARK, LLC ("Plaintiff" or "Landmark"), files Plaintiff's Original Petition, complaining of Defendants SENECA INSURANCE COMPANY, INC., VERICLAIM, INC. and NICHOLAS CARLSON (collectively referred to as "Defendants"). For cause of action, Plaintiff would respectfully show this Honorable Court the following:

### I. DISCOVERY CONTROL PLAN AND AMOUNT IN CONTROVERSY

Plaintiff intends for discovery to be conducted under Level 2 of Rule 190 of the Texas Rules of Civil Procedure. Pursuant to Texas Rule of Civil Procedure 47 (c)(4), Plaintiff affirmatively pleads that the amount in controversy in this case is over $1,000,000.

### II. PARTIES

Plaintiff Landmark, LLC is a Texas based company doing business in the State of Texas.

Defendant Seneca Insurance Company, Inc. is an insurance company engaging in the business of insurance in the State of Texas. This Defendant can be served with process by serving its registered agent: James Isbell, Thompson, Coe, Cousins and Irons, 1 Riverway, Suite 1400, Houston, Texas 77056-1988. **Service is requested at this time.**

**PLAINTIFF'S ORIGINAL PETITION**             **Page 1**

Defendant Vericlaim, Inc. is an insurance adjustment company doing business in the State of Texas. And, Defendant Nicholas Carlson is an employed adjuster of Defendant Vericlaim. These Defendants may be served by serving its Duly Authorized Representative at 1833 Centre Point Circle, Suite 139, Naperville, Illinois 60563. **Service is not requested at this time.**

### III. JURISDICTION

The court has jurisdiction over the causes of action because the amount in controversy is within the jurisdictional limits of the court.

This court has jurisdiction over Defendants because they are registered to engage in the business of insurance in the State of Texas and the causes of action arise out of these Defendants' business activities in the State of Texas.

### IV. VENUE

Venue is proper in Tarrant County, Texas, because the subject commercial property is situated in Tarrant County, Texas pursuant to TEX. CIV. PRAC. & REM. CODE. §15.032. In addition, all or a substantial part of the events or omissions giving rise to the claims occurred in Tarrant County, Texas pursuant to TEX. CIV. PRAC. & REM. CODE. §15.002(a)(1).

### V. FACTS

On April 3, 2014, Plaintiff's commercial property suffered substantial damage from a hailstorm throughout the roof, exterior finishes as well as widespread interior water damage. Defendants Vericlaim and Carlson adjusted the claim on behalf of Defendant Seneca.

Defendants retained Haag Engineering to conduct a causation analysis as to the cause and scope of hail/storm damage to Plaintiff's commercial roof and interior/exterior finishes. Haag opined that there was no hail damage to the roof and the widespread water damage was old and ongoing. Based on this limited and result-oriented investigation, Defendants denied Plaintiff's claim on December 9, 2015. But, even after denying Plaintiff's claim, Defendants attempted to coerce Plaintiff into providing an Examination Under Oath and further information in order to bolster, backfill and further support the pre-textual "no damage" denial with other policy justifications for denial. This constitutes improper claims handling practices as defined by the common law and Insurance Code.

Given this limited investigation, limited scope and claim denial, Plaintiff has not been able to address the storm damage to this commercial property and was forced to retain the undersigned's services for Defendants' failure to honor their contractual obligations.

## VI. CAUSES OF ACTION

### CAUSES OF ACTION AGAINST DEFENDANTS

**A.  DECLARATORY JUDGMENT**

Pursuant to the Texas Declaratory Judgment Act, Plaintiff is entitled to a declaration that the Policy provides coverage for the cost to repair and replace the damaged property. Plaintiff requests a declaration that the Policy unambiguously covers the damage to this property. Alternatively, Plaintiff requests a declaration that the Policy is ambiguous and must be interpreted in Plaintiff's favor.

**B.  BREACH OF CONTRACT**

Defendants' conduct constitutes a breach of the insurance contract made between Defendants and Plaintiff. Defendants' failure and refusal, as described above, to pay the adequate compensation as it is obligated to do under the terms of the Policy in question and under the laws of the State of Texas, constitutes a breach of Defendants' insurance contract with Plaintiff. Plaintiff has satisfied all conditions precedent to the fulfillment of its contractual demands. Accordingly, additionally or in the alternative, Plaintiff brings an action for breach of contract against Defendants, pursuant to Texas statutory and common law, including Chapter 38 of the Texas Civil Practice and Remedies Code, and seeks all of its damages for such breach, including actual damages, consequential damages, personal property damage, business interruption expense, extra expense, attorneys' fees, prejudgment interest, other litigation expenses and cost of court.

### C.  NONCOMPLIANCE WITH TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

Defendants' conduct constitutes multiple violations of Texas Insurance Code Chapter 541 and particularly TEX. INS. CODE §541.060(a). All violations under this Chapter are made actionable by TEX. INS. CODE §541.151.

Defendants' unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. *See* TEX. INS. CODE §541.060(a)(1).

Defendants' unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though liability under the Policy is reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. *See* TEX. INS. CODE §541.060(a)(2)(A).

Defendants' unfair settlement practice, as described above, of failing to promptly provide

Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for the offer of a compromise settlement of Plaintiff's claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. *See* TEX. INS. CODE.§541.060(a)(3).

Defendants' unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claims to Plaintiff or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. *See* TEX. INS. CODE §541.060(a)(4).

Defendants' unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. *See* TEX. INS. CODE §541.060(a)(7).

### D.   NONCOMPLIANCE WITH TEXAS INSURANCE CODE: PROMPT PAYMENT OF CLAIMS

Defendants' conduct constitutes multiple violations of the Texas Insurance Code, Unfair Claim Settlement Practices Act. All violations made under this Chapter are made actionable by TEX. INS. CODE §542.060.

Defendants' failure to acknowledge receipt of Plaintiff's claim, commence investigation of the claims, and request from Plaintiff all items, statements, and forms that it reasonably believed would be required within the applicable time constraints, as described above, constitutes a non-prompt payment of claims and a violation of TEX. INS. CODE §542.055.

Defendants' failure, as described above, to notify Plaintiff in writing of its acceptance or rejection of the claim within the applicable time constraints, constitutes a non-prompt payment of a

claim and a violation of TEX. INS. CODE §542.056.

Defendants' delay of the payment of Plaintiff's claim as described above, following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, constitutes a non-prompt payment of a claim and a violation of TEX. INS. CODE §542.058.

### E. DECEPTIVE TRADE PRACTICES

At all times pertinent, Plaintiff was a "consumer" as defined in Section 17.45(4) of the Texas Business and Commerce Code, referred to as the Deceptive Trade Practices-Consumer Protection Act ("DTPA.")

Defendants and its agents violated provisions of the DTPA including the following:

1. violations of the Texas Insurance Code as set forth above;

2. representing that the Policy had benefits which it did not have;

3. representing that the Policy conferred or involved rights and remedies that it did not have;

4. promulgating and selling a Policy which is worthless, provides little or no coverage, and is illusory;

5. misrepresenting the terms of an agreement;

6. representing that the Policy had characteristics, standards or coverage which it did not have;

7. failing to disclose information that was known at the time of the purchase of the Policy because it was intended to induce Plaintiff into purchasing the Policy; and

8. engaging in an unconscionable act or course of action.

The deceptive acts and practices herein were in connection with Plaintiff's purchase of and claim under the Policy. Plaintiff relied on the false, misleading and deceptive acts and practices as alleged herein to its detriment, and the conduct described above was the producing cause of injury and damage to Plaintiff. As a result of the conduct of Defendants, Plaintiff has suffered damages including, without limitation, actual, economic and consequential damages.

One or more of the foregoing acts or omissions were "knowingly" made. Accordingly, Plaintiff will seek treble damages pursuant to TEX. BUS. & COMM. CODE §17.50(b)(1).

### F. BAD FAITH

Defendants have refused to pay or have delayed paying a claim after liability has become reasonably clear. Defendants have refused to pay, delayed paying or have offered grossly inadequate and unconscionable sums to settle the claim submitted by Plaintiff. This constitutes a breach of the common law duty of good faith and fair dealing owed to an insured in insurance contracts. Therefore, Defendants have acted in bad faith.

### G. VICARIOUS LIABILITY/RESPONDEAT SUPERIOR/JOINT AND SEVERAL LIABILITY

Plaintiff affirmatively pleads vicarious liability, respondeat superior as well as joint and several liability theories of recovery against Defendants. That is, at all times, Vericlaim and Adjuster Nicholas Carlson who adjusted the claim made basis of this suit were in the course and scope of employment for Defendant Seneca Insurance Company and were acting as duly authorized representatives with actual and apparent authority from Defendant Seneca. Therefore, Plaintiff pleads that all Defendants have joint and several liability for the deceptive acts, misconduct and misrepresentations of any other Defendant.

## VII. KNOWLEDGE AND INTENT

Each of the Defendants' acts described above, together and singularly, were done "knowingly" and "intentionally" and were a producing cause of Plaintiff's damages described herein.

## VIII. DAMAGES

Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiff.

For breach of contract, Plaintiff is entitled to regain the benefit of its bargain, which is the amount of Plaintiff's claim, together with attorney's fees.

For noncompliance with Texas Insurance Code §541 and for non compliance with the DTPA, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, mental anguish, court costs and attorney's fees. For knowing conduct of the acts complained of, Plaintiff asks for three times the actual damages. *See* TEX. INS. CODE §541.152.

For noncompliance with Texas Insurance Code §542, Plaintiff is entitled to the amount of Plaintiff's claim, as well as eighteen (18) percent interest per annum of the amount of such claim as damages, together with attorney's fees. *See* TEX. INS. CODE §542.060.

For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages and damages for emotional distress.

For noncompliance with Texas Deceptive Trade Practices Act, Plaintiff is entitled to economic damages, which include the amount of benefits wrongly withheld. For knowing conduct

017-283602-16

violations, with regard to these breaches of duty, Plaintiff is entitled to damages for mental anguish, and Plaintiff also asks for three times the economic damages. For intentional conduct violations, with regard to these breaches of duty, Plaintiff is entitled to economic damages and damages for mental anguish, and Plaintiff asks for three times the amount of economic and mental anguish damages. Plaintiff is also entitled to court costs and attorney's fees. TEX. BUS. & COM. CODE §17.50(b)(1).

For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of attorneys. Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

## IX. CONDITIONS PRCEDENT

All conditions precedent for Plaintiff to recover under the Policy have been or will be met.

## X. JURY DEMAND

Plaintiff is requesting a jury and is tendering the appropriate fee.

## XI. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that upon trial hereof, said Plaintiff have and recover from Defendants such sums as would reasonably and justly compensate Plaintiff in accordance with the rules of law and procedure, both as to actual damages and exemplary/punitive damages under common law, the Texas Insurance Code and the DTPA. In addition, Plaintiff requests the award of attorney's fees for the trial and any appeal of this cause, for all costs of Court, for prejudgment and post-judgment interest, as allowed by law, and for any other further relief, either at law or in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

LAW OFFICES OF DAVID L. CHUMBLEY, P.C.

By: _____
David L. Chumbley
State Bar No. 24032069

400 Chisholm Place, Suite 101
Plano, Texas 75075
Telephone: (972) 516-8808
Telecopy: (972) 516-8819
Email: davidchumbleypc@gmail.com

**ATTORNEYS FOR PLAINTIFF**

# CIVIL CASE INFORMATION SHEET

**CAUSE NUMBER** *(FOR CLERK USE ONLY)*: _____   **COURT** *(FOR CLERK USE ONLY)*: _____

**STYLED** Landmark, LLC v. Seneca Insurance Company, Inc., Vericlaim, Inc. and Nicholas Carlson
*(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)*

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

## 1. Contact information for person completing case information sheet:

Name: David L. Chumbley
Email: davidchumbleypc@gmail.com
Address: 400 Chisholm Place, Suite 101
Telephone: 972-516-8808
City/State/Zip: Plano, Texas  75075
Fax: 972-516-8819
Signature: D. Chumbley w/plam
State Bar No: 24032069

**Names of parties in case:**

Plaintiff(s)/Petitioner(s): Landmark, LLC

Defendant(s)/Respondent(s): Seneca Insurance Company, Inc., Vericlaim, Inc. and Nicholas Carlson

[Attach additional page as necessary to list all parties]

**Person or entity completing sheet is:**
- [x] Attorney for Plaintiff/Petitioner
- [ ] *Pro Se* Plaintiff/Petitioner
- [ ] Title IV-D Agency
- [ ] Other: _____

Additional Parties in Child Support Case:
Custodial Parent: _____
Non-Custodial Parent: _____
Presumed Father: _____

## 2. Indicate case type, or identify the most important issue in the case *(select only 1)*:

### Civil

**Contract — Debt/Contract**
- [ ] Consumer/DTPA
- [ ] Debt/Contract
- [ ] Fraud/Misrepresentation
- [ ] Other Debt/Contract: _____

*Foreclosure*
- [ ] Home Equity—Expedited
- [ ] Other Foreclosure
- [ ] Franchise
- [ ] Insurance
- [ ] Landlord/Tenant
- [ ] Non-Competition
- [ ] Partnership
- [ ] Other Contract: _____

**Injury or Damage**
- [ ] Assault/Battery
- [ ] Construction
- [ ] Defamation
- *Malpractice*
  - [ ] Accounting
  - [ ] Legal
  - [ ] Medical
  - [ ] Other Professional Liability: _____
- [ ] Motor Vehicle Accident
- [ ] Premises
- *Product Liability*
  - [ ] Asbestos/Silica
  - [ ] Other Product Liability List Product: _____
- [x] Other Injury or Damage: _____

**Real Property**
- [ ] Eminent Domain/Condemnation
- [ ] Partition
- [ ] Quiet Title
- [ ] Trespass to Try Title
- [ ] Other Property: _____

**Related to Criminal Matters**
- [ ] Expunction
- [ ] Judgment Nisi
- [ ] Non-Disclosure
- [ ] Seizure/Forfeiture
- [ ] Writ of Habeas Corpus—Pre-indictment
- [ ] Other: _____

**Employment**
- [ ] Discrimination
- [ ] Retaliation
- [ ] Termination
- [ ] Workers' Compensation
- [ ] Other Employment: _____

**Other Civil**
- [ ] Administrative Appeal
- [ ] Antitrust/Unfair Competition
- [ ] Code Violations
- [ ] Foreign Judgment
- [ ] Intellectual Property
- [ ] Lawyer Discipline
- [ ] Perpetuate Testimony
- [ ] Securities/Stock
- [ ] Tortious Interference
- [x] Other: insurance coverage

### Family Law

**Marriage Relationship**
- [ ] Annulment
- [ ] Declare Marriage Void
- *Divorce*
  - [ ] With Children
  - [ ] No Children

**Other Family Law**
- [ ] Enforce Foreign Judgment
- [ ] Habeas Corpus
- [ ] Name Change
- [ ] Protective Order
- [ ] Removal of Disabilities of Minority
- [ ] Other: _____

**Post-judgment Actions (non-Title IV-D)**
- [ ] Enforcement
- [ ] Modification—Custody
- [ ] Modification—Other

**Title IV-D**
- [ ] Enforcement/Modification
- [ ] Paternity
- [ ] Reciprocals (UIFSA)
- [ ] Support Order

**Parent-Child Relationship**
- [ ] Adoption/Adoption with Termination
- [ ] Child Protection
- [ ] Child Support
- [ ] Custody or Visitation
- [ ] Gestational Parenting
- [ ] Grandparent Access
- [ ] Parentage/Paternity
- [ ] Termination of Parental Rights
- [ ] Other Parent-Child: _____

### Tax
- [ ] Tax Appraisal
- [ ] Tax Delinquency
- [ ] Other Tax

### Probate & Mental Health

*Probate/Wills/Intestate Administration*
- [ ] Dependent Administration
- [ ] Independent Administration
- [ ] Other Estate Proceedings

- [ ] Guardianship—Adult
- [ ] Guardianship—Minor
- [ ] Mental Health
- [ ] Other: _____

## 3. Indicate procedure or remedy, if applicable *(may select more than 1)*:
- [ ] Appeal from Municipal or Justice Court
- [ ] Arbitration-related
- [ ] Attachment
- [ ] Bill of Review
- [ ] Certiorari
- [ ] Class Action
- [x] Declaratory Judgment
- [ ] Garnishment
- [ ] Interpleader
- [ ] License
- [ ] Mandamus
- [ ] Post-judgment
- [ ] Prejudgment Remedy
- [ ] Protective Order
- [ ] Receiver
- [ ] Sequestration
- [ ] Temporary Restraining Order/Injunction
- [ ] Turnover

## 4. Indicate damages sought *(do not select if it is a family law case)*:
- [ ] Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
- [ ] Less than $100,000 and non-monetary relief
- [ ] Over $100,000 but not more than $200,000
- [ ] Over $200,000 but not more than $1,000,000
- [x] Over $1,000,000

Rev 2/13